FREEMAN GOODHUE vs. GEORGE M. LUCE.

Aroostook.    Opinion December 30, 1889.

*Pleading.    Abatement.    Non-joinder.*

A plea in abatement properly lies for non-joinder of a joint contracting party. In such plea the name of the joint contracting party must be named. It must allege that he was living, and his residence within the state at the date of the plaintiff's writ.

A plea in abatement is defective in substance which does not anticipate and exclude such supposable matter as would, if alleged on the opposite side defeat the plea. But it is only such supposable matter as can properly be alleged or set up in a replication to the plea that is to be anticipated and excluded by such plea, and not every imaginable matter.

It would be insufficient for the plaintiff in answer to a plea in abatement for non-joinder of a co-promisor to reply the fact of something which merely goes to the personal discharge of such co-promisor as death, insolvency, etc. Hence, if it could not be properly replied, it need not be anticipated and excluded in the plea.

ON EXCEPTIONS.

This was an action of assumpsit, brought in the superior court for Aroostook county, against the defendant Luce alone. The defendant seasonably filed the following plea in abatement to which the plaintiff demurred:—

And now on the second day of said term the said George M. Luce comes and defends, etc., when etc., and prays judgment of the writ and declaration aforesaid, because he says that the several supposed promises in said writ declared upon, if any such were made, were made jointly with one George F. Whitney, who is still living and residing at Presque Isle in said county, and who likewise was residing at said Presque Isle at the date of said writ, and not by the said George M. Luce alone; and this he is ready to verify; wherefore because said George F. Whitney is not named in said writ and declaration together with said George M. Luce, he the said George M. Luce prays judgment of the said writ and that the same may be quashed.

GEORGE M. LUCE,

By his attorney, GEORGE H. SMITH.

STATE OF MAINE.

Aroostook, ss.

November 7th, 1888.

Personally appeared Geo. H. Smith, attorney for the before named George M. Luce, and made oath that the foregoing plea is true in substance and in fact.

Before me, CHARLES F. WEED,

Justice of the Peace.

The presiding justice sustained the demurrer to the plea in abatement and the defendant excepted.

*V. B. Wilson and A. L. Lumbert, G. H. Smith* with them, for defendant.

*C. P. Allen,* for plaintiff.

FOSTER, J. This is an action of assumpsit, to which the defendant pleads the non-joinder of a joint contractor in abatement. To this plea the plaintiff has demurred. The court sustained the demurrer and adjudged the plea bad, to which rulings exceptions were filed. The question thus raised relates to the sufficiency of the defendant's plea.

It is elementary learning that pleas in abatement have always been regarded with disfavor, since they are dilatory in their nature and seek to defeat the particular action upon technical grounds, instead of allowing the case to proceed to a decision upon its real merits. The rule in relation to the degree of certainty required, both as to the form and substance of such pleas, requires the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving nothing to be supplied by intendment or construction, and no supposable special answer to the same unobviated. Co. Litt. 352-6. *Burgess* v. *Abbott,* 1 Hill, 477; *Furbish* v. *Robertson,* 67 Maine, 35.

Yet, while such accuracy and precision are required, the law recognizes the use of these pleas, and when possessing all the requisites which the law demands, there is no reason why they may not be properly invoked.

Judged by the most formal rules of pleading, the plea in this

case possesses every requisite essential in a plea of abatement for non-joinder of a joint contracting party. It is drawn with accuracy and· skill. The pleader has followed the precedents laid down in Stephens on Pleading, 87; Story's Pl. 99; 2 Chitty Pl. 900.\* This precedent has stood the test for many years in the English and American courts, and been cited with approval by the best text writers. 2 Gr. Ev. § 24, n. Nor has our attention been called to any authority in which it has been held insufficient.

Non-joinder of another joint contracting party defendant is the issue presented by this plea, and in it are found the necessary allegations. It was the duty of the defendant, by his plea, to furnish the plaintiff such information as might enable him to correct the defect in his writ. This has been done. The joint party is named. He is alleged to be living, and his residence within the state at the date of the plaintiff's writ. *Furbish* v. *Robertson*, 67 Maine, 35; *Harwood* v. *Roberts*, 5 Maine, 441, 442; *Hooper* v. *Jellison*, 22 Pick. 250. It is broader and more comprehensive than the precedents referred to, inasmuch as it alleges that not only at the date of the writ, but at the time of the plea filed, the residence of such party was within this jurisdiction, following the *dicta*, rather than the decision of the court, in *Bellamy* v. *Oliver*, 65 Maine, 108, 110; and the decision in *White* v. *Gascoyne*, 3 Exch. 35. The decision in the English exchequer court was based upon a special statute of 3 and 4 W. 4, c. 42, passed in 1833, radically changing the common law practice and requisites of pleas in abatement for non-joinder of defendants. By that statute it is provided that "no plea in abatement for the non-joinder of any person as a co-defendant, shall be allowed in any court of common law, unless it shall be stated in such plea that such person is resident within the jurisdiction of the court, and unless the place of residence of such person shall be stated, with convenient certainty, in an affidavit verifying such plea." "This statute," says Coltman, J., in *Jall* v. *Lord Carzon*, 4 M. G. & S. 249, (56 E. C. L. 253) "was designed to remedy an existing inconvenience to which the plaintiff was liable. That inconvenience was, that unless he sued all the parties to the contract, he

ran the risk of having a plea in abatement put upon the record; the effect of which might have been, as in *Havelock* v. *Geddes,* that one of the joint contractors being out of the jurisdiction of the court, the plaintiff must outlaw him before he could proceed with his action against the others."

But the precedents to which we have referred were framed with reference to the law and practice as existing prior to the English statute named, and as it exists to-day in this state, for that statute has never become a part of the common law of this state, nor has it been enacted here.

But it is claimed in support of the demurrer that all that is alleged in the plea may be true, and still the writ held good; that though the contract alleged may have been made jointly by the defendant and another, yet that joint liability may long before have ceased; that the party not joined may have been discharged in insolvency, or the promise barred by the statute of limitations, and that the plea in abatement is, therefore, defective in substance in not excluding such supposable matter, as would, if alleged on the opposite side, defeat the plea.

The answer to this proposition is found in the fact that such supposable matter, if it existed, should more properly have been averred in the plaintiff's writ by joining such parties upon the record, even if a discontinuance as to them afterwards became necessary, and that it will not be sufficient for the plaintiff to reply these facts by way of replication to the defendant's plea in abatement.

Thus it has been held that if one of two joint contractors is dead, and the survivor is sued alone, with no mention being made in the writ of the death of the other party, it will not be sufficient for the plaintiff to allege, in reply to a plea of non-joinder, the fact of his death, for this would contradict his declaration upon a separate contract by admitting it a joint one. *Bovill* v. *Wood,* 2 Maule & Selw. 25.

In all actions upon contract, the defendant has a right to require that his co-debtor should be joined with him, and the plaintiff cannot deprive him of that right, or the benefit, whatever it may be, of having his discharge from liability stated on the

record. Hence, the practice has always been, in accordance with the approved methods of pleading, to join all the contracting parties, if living; or, if dead, to make the proper averments. *Harwood* v. *Roberts*, 5 Maine, 441.

And it has been the doctrine of the English courts, as well as that of our own state, (*Bovill* v. *Wood*, *supra*; *Noke* v. *Ingraham*, 1 Wils. 89; *West* v. *Furbish*, 67 Maine, 17, 19,) that where one of the joint promisors had become bankrupt and obtained his discharge, he must necessarily be joined in the suit in the first instance, for though discharged by operation of law he is not bound to take the benefit of it, although he may, if he will, plead his certificate in discharge, and the plaintiff may then discontinue as to him, upon payment of costs, and proceed against the other.

The rule as laid down by Chitty (1 Chit. Pl. 42, a) is thus stated: "Joint contractors must all be sued, although one has become bankrupt, and obtained his certficate, for if not sued, the others may plead in abatement."

The decisions of the English courts have been that the plaintiff could discontinue as to one joint contractor and proceed against the other applied only in cases of bankruptcy, and that a replication of infancy, coverture, *ne unques executor*, and the like, of the party not sued was a good answer to a plea of non-joinder in abatement, on the ground that in such cases the plaintiff could not enter a *nolle prosequi* as to one of such joint contractors without discharging all.

But the American courts have taken a different view of the matter, holding that a discontinuance as to a party defendant, in cases where it was proper, was matter of practice resting in the discretion of the court, and, therefore, that wherever defendants sever in their pleas and one or more pleads a plea which merely goes to his personal discharge, but not denying the cause of action alleged in the writ, the plaintiff may prevail against some of the defendants, while he fails as to those who prevail, upon such special matter of defense. *Minor* v. *The Mechanics Bank*, 1 Pet. 46, 74; *Moore* v. *Knowles*, 65 Maine, 493; *West* v. *Furbish*, *supra*; *Cutts* v. *Gordon*, 13 Maine, 474, 478; *Woodward* v. *Newhall*, 1 Pick. 500; *Tuttle* v. *Cooper*, 10 Pick. 281.

Therefore, wherever the American doctrine prevails it will not be sufficient for the plaintiff, in answer to a plea in abatement for non-joinder of a co-promisor, to reply the fact of something which merely goes to the personal discharge of such co-promisor, any more than it would in the case of the death of one joint contractor, where, as we have observed, such replication or answer by the plaintiff to the defendant's plea would not be allowable. 2 Gr. Ev. § 133. *Gibbs* v. *Merrill*, 3 Taunt. 313, 314.

This supposable matter could not, therefore, be "properly alleged on the opposite side to defeat the plea." If it could not, then the plea anticipates and excludes all such matter as could properly be alleged in a replication to defeat the plea, and is sufficient.

The case is before this court simply upon exceptions to the ruling of the court below in sustaining the demurrer, and adjudging the defendant's plea bad.

Whether the furtherance of justice will require that the plaintiff, upon proper motion, shall be allowed to amend his declaration, must be determined by the court at *nisi prius*. *Maine Central Institute* v. *Haskell*, 71 Maine, 487, 491; *Plaisted* v. *Walker*, 77 Maine, 459, 462; R. S., c. 82, §§ 13, 23.

*Exceptions sustained. Demurrer overruled.*
*Plea adjudged good. Declaration bad.*

PETERS, C. J., DANFORTH, LIBBEY and EMERY, JJ., concurred.